FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2010 DEC -7  AM 9: 46

LORETTA G. WHYTE
CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corp., <br>           Plaintiffs <br><br> VERSUS <br><br> M/V MARINA WAVE, her engines, tackle, appurtenances, etc., *in rem*, Teo Shipping Corp., *in personam*, and Arktis Carrier Shipping Co. Ltd., *in personam*, <br>           Defendants | CIVIL ACTION <br> NO. **10-4476** <br> SECTION **SECT. N MAG. 5** |

### VERIFIED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, through undersigned counsel, Plaintiffs Intrepid Ship Management, Inc. Vessel Management Services, Inc., and Crowley Maritime Corp., and for their Verified Complaint against M/V MARINA WAVE, her engines, tackle, appurtenances, etc., *in rem*, Teo Shipping Corp., *in personam*, and Arktis Carrier Shipping Co. Ltd., *in personam*, respectfully represent upon information and belief:

___Fee $600⁰⁰
___Process_____
 X_Dktd_____
___CtRmDep____
___Doc. No.____

## JURISDICTION & VENUE

1. This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to Article III, Section 2 of the United States Constitution, 28 U.S.C. § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure, and within the meaning of Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

2. Venue is proper in this Honorable Court as the collision occurred in the Gulf of Mexico approximately seventy miles offshore of Plaquemines Parish, Louisiana. Further, the M/V MARINA WAVE is currently berthed at Violet Dock Port, 6500 E. St. Bernard Hwy, Violet, LA 70092 in St. Bernard Parish within the jurisdiction of this Court.

## PARTIES

3. Plaintiffs Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corp. are and continue to be Delaware corporations in the business of owning and operating merchant vessels. Intrepid Ship Management, Inc. operated the ATB COURAGE,[1] Vessel Management Services, Inc. is the registered owner, and Crowley Maritime Corp. is the desponent owner.

4. Defendant *in rem* is a Cypriot-flagged bulk carrier vessel which is now present within the Eastern District of Louisiana, and subject to the jurisdiction of this Court. The M/V MARINA WAVE's IMO Number is 8903234.

5. Defendant *in personam*, Teo Shipping Corp., is a Greek Corporation and pursuant to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Rules") may be served with process through Department of Administrative and Judicial Affairs, The Ministry of Foreign Affairs of the Hellenic Republic,

---

[1] "ATB COURAGE" denotes the Articulated Tug Barge Unit consisting of the tug *Courage* and tank barge *650-5*.

Zalokosta 1, 10671 Athens, Greece at 138-140, Kifisou Avenue, Peristeri, 121 31 Athens, Greece. Upon information and belief, Teo Shipping Corp., is and was the operator of the M/V MARINA WAVE at all times material to this suit.

6. Defendant *in personam*, Arktis Carrier Shipping Co. Ltd., is a Cypriot Corporation and pursuant to the Hague Rules may be served with process through Department of Administrative and Judicial Affairs, The Ministry of Foreign Affairs of the Hellenic Republic, Zalokosta 1, 10671 Athens, Greece at Care of Teo Shipping Corp., 138-140, Kifisou Avenue, Peristeri, 121 31 Athens, Greece. Upon information and belief, Arktis Carrier Shipping Co. Ltd. was the owner of the M/V MARINA WAVE at all times material to this suit.

## THE COLLISION

7. On November 22, 2010, the ATB COURAGE was on a westerly course from Tampa, Florida to Corpus Christi, Texas. The M/V MARINA WAVE was fully loaded with a cargo of soybeans on a southerly course, having departed New Orleans, Louisiana for the Panama Canal. The vessels collided in the late evening hours of November 22, 2010 in the Gulf of Mexico approximately seventy miles offshore of Plaquemines Parish, Louisiana. The damages sustained by the ATB COURAGE include, but are not limited to, puncturing and insetting of bow plating, and damage to internal strength members and ground tackle. As a result of this collision, Plaintiff has sustained damages including, but not limited to, cost of repairs, port of refuge and wharfage expenses, delay expenses, and loss of hire. At this time, these damages are estimated at $1,000,000.00 and continue to accrue.

8. The collision and damages to the ATB COURAGE were caused by the negligence and violation of the International Navigation Rules, 33 U.S.C. § 1602 *et seq.*, of Defendants and their employees, servants and agents, including the Master and crew of the M/V MARINA

WAVE, as well as the unseaworthiness of said vessel. The collision and the damages sustained by the ATB COURAGE was not caused by any unseaworthiness of the ATB COURAGE, which was at all times material hereto tight, staunch, strong, seaworthy, and in all respects properly manned, fitted, and equipped.

9. The Defendants' violation of statutory regulations and rules intended to prevent collisions invokes the rule of *THE PENNSYLVANIA*. As a result, Defendants herein now bear a burden of proving "not merely that [their] fault might not have been one of the causes, or that it probably was not, but that it could not have been" a cause of the collision. *THE PENNSYVLANIA*, 86 U.S. (19 Wall.) 125, 136 (1874).

10. Plaintiff accordingly seeks jurisdiction over the *in rem* Defendant, the M/V MARINA WAVE, by arrest pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

**BASED UPON THE FOREGOING**, Plaintiff prays:

1. That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction issue against the M/V MARINA WAVE and her appurtenances, and that she be seized pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

2. That a summons issue to the Defendants *in personam*, Teo Shipping Corp. and Arktis Carrier Shipping Co. Ltd. citing them to appear and answer the matters aforesaid;

3. That the maritime liens of Plaintiff be recognized and enforced with preference and priority over all persons whomsoever;

4. That the Court enter judgment for Plaintiff and against the M/V MARINA WAVE, *in rem*, and against Teo Shipping Corp. and Arktis Carrier Shipping Co. Ltd., *in personam*, jointly and severally, in the amount of $1,000,000.00 or such other amount as may be proved herein, plus interest, costs, and attorneys' fees;

5. That the Vessel and chattels aboard be sold to satisfy said judgment; and

6. That the Court grant all other and further relief as justice may require in the premises.

Respectfully submitted,

LEGGE, FARROW, KIMMITT, MCGRATH & BROWN, L.L.P.

_____
Michael J. Wray
Louisiana State Bar No. 28280
6363 Woodway Drive, Suite 400
Houston, Texas  77057
Telephone:   (713) 917-0888
Facsimile:    (713) 953-9470
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS INTREPID SHIP MANAGEMENT, INC., VESSEL MANAGEMENT SERVICES, INC. & CROWLEY MARITIME CORP.**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Intrepid Ship Management, Inc., Vessel Management Services, Inc., and Crowley Maritime Corp., | * * * | |
| Plaintiffs | * * | |
| VERSUS | * * | CIVIL ACTION |
| M/V MARINA WAVE, her engines, tackle, appurtenances, etc., *in rem*, Teo Shipping Corp., *in personam*, and Arktis Carrier Shipping Co. Ltd., *in personam*, | * * * * | NO. SECTION |
| Defendants | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFICATION AND AFFIDAVIT
## PURSUANT TO ADMIRALTY RULE C

STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned authority, personally came and appeared

JAMES T. BROWN,

who, after being first duly sworn, did depose and say that he is an attorney for plaintiffs herein;

that he has read the above and foregoing Complaint and the allegations thereof are true and

correct to the best of his information, knowledge and belief, based on his personal knowledge and on information and documents furnished by or on behalf of plaintiff.

_____
JAMES T. BROWN

SWORN TO AND SUBSCRIBED

BEFORE ME THIS __6__ DAY OF DECEMBER 2010.

_____
NOTARY PUBLIC

TRANG THI TRAN
MY COMMISSION EXPIRES
February 14, 2011