UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INTREPID SHIP MANAGEMENT, INC., VESSEL MANAGEMENT SERVICES, INC. And CROWLEY MARITIME CORP., <br>　　　　　　Plaintiffs <br><br>VERSUS <br><br>M/V MARINA WAVE, her engines, tackle, appurtenances, etc. *in rem*, TEO SHIPPING CORP., *in personam*, And ARKTIS CARRIER SHIPPING CO. LTD., *in personam*, <br>　　　　　　Defendants | * CIVIL ACTION <br> * <br> * NO. 10-4476 <br> * <br> * SECTION "N" <br> * <br> * MAGISTRATE (5) <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**VERIFIED COUNTERCLAIM**

Arktis Carrier Shipping Co. Ltd. ("Arktis"), and Teo Shipping Corp. ("Teo"), and the M/V MARINA WAVE, for their Verified Counterclaim against M/V ATB COURAGE, *in rem*, and Intrepid Ship Management, Inc. ("Intrepid"), Vessel Management Services, Inc., and Crowley Maritime Corp., *in personam*, respectfully represent upon information and belief:

1603291-1

## JURISDICTION AND VENUE

I.

This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure and also within the meaning of Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

II.

Venue is proper since the collision that is the subject of this counterclaim, occurred in the Gulf of Mexico, south of New Orleans and Plaquemines Parish, Louisiana.

## PARTIES

III.

Plaintiffs in counterclaim, Arktis Carrier Shipping Co. Ltd. and Teo Shipping Corp., are foreign corporations with their offices and principal places of business located in Limassol, Cyprus and Athens, Greece, respectively.

IV.

Arktis and Teo are the owners and managers, respectively, of the M/V MARINA WAVE, an oceangoing bulk carrier registered in Cyprus, IMO number 8903234, of the following particulars: 738 feet in length, 105.6 feet in breadth, and 69,451 tons deadweight.

V.

Defendants in counterclaim, Intrepid Ship Management, Inc. ("Intrepid"), Vessel Management Services, Inc. ("Vessel Management"), and Crowley Maritime Corp. ("Crowley"), on information and belief are Delaware corporations which owned, operated, and managed the

ATB COURAGE, an articulated tug barge unit, comprised of the tug COURAGE and the tank barge 650-5.

VI.

The tug COURAGE, IMO No. 9369409, is an American flag oceangoing towing vessel 129.6 feet in length, 42 feet in breadth, and 820 tons deadweight. The tank barge 650-5, is 587 feet in length, 74 feet in breadth, and 27,000 tons deadweight. Together with the barge, the length of the ATB COURAGE flotilla is approximately 700 feet.

VII.

The ATB COURAGE, *in rem*, defendant in counterclaim, is within the district, or will be in the district while this action is pending, and therefore also subject to the jurisdiction of this Honorable Court.

**THE COLLISION**

VIII.

On the evening of November 22, 2010, the M/V MARINA WAVE, laden with a cargo of soybeans, was navigating on a south-southeasterly course in the Gulf of Mexico, en route from New Orleans, to the Panama Canal, with all of her required navigation lights on and burning brightly.

IX.

Also on the evening of November 22, 2010, in darkness and clear visibility, the ATB COURAGE was proceeding on a westerly course en route from Tampa, Florida to Corpus Christi Texas, with the tank barge 650-5 in ballast, which was being pushed ahead by the tug COURAGE.

X.

These respective courses placed the two vessels in a "crossing" situation; and hence the Navigation Rules required ATB COURAGE to stay clear of MARINA WAVE.

XI.

The COURAGE failed to stay clear of MARINA WAVE.

XII.

At approximately 2216 on the evening of November 22, 2010, the ATB COURAGE, without slowing down or altering course, collided with the port side of the MARINA WAVE, causing serious damage to the hull and internals of the MARINA WAVE.

XIII.

At the time of the collision, visibility was good, and weather did not play any part in the casualty.

XIV.

The collision damage to the MARINA WAVE caused by the ATB COURAGE, resulted in the MARINA WAVE having to discontinue her voyage and seek safe harbor in the Mississippi River in order to survey the damage and make repairs. As a result of this collision, plaintiffs in counterclaim have sustained damages, including damages to the MARINA WAVE's side shell plating and internals; cost of temporary and permanent repairs; costs of possible cargo damage or deterioration, cost of offloading and reloading cargo to make temporary repairs; incidental expenses and expenses attributable to deviation to a port of refuge and the interruption of her voyage, including loss of hire and/or loss of profits. These damages are presently estimated to be in excess of $4,000,000.

XV.

The aforementioned collision and resulting damage to the MARINA WAVE were caused solely by the unseaworthiness and regulatory faults of the ATB COURAGE which was being negligently operated, contrary to law and customary practice.

XVI.

The collision and all damages and losses resulting there from were in no way caused or contributed to by any fault or neglect on the part of Arktis Carrier Shipping Co. Ltd., Teo Shipping Corp., and the M/V MARINA WAVE or her officers and crew, but rather, said damages and losses were caused solely by the fault of the ATB COURAGE, its officers and crew, and Vessel Management Services, Inc., Intrepid Ship Management, and Crowley Maritime Corp., or parties for whom they are responsible, in the following particulars, among others, all of which will be more fully shown at the trial of this cause:

   a. The ATB COURAGE was unseaworthy and not capable of being properly maneuvered and controlled;

   b. The ATB COURAGE was in the charge of incompetent personnel who were careless and inattentive to their duties;

   c. The ATB COURAGE failed to maintain a proper lookout, both visually and on radar;

   d. The ATB COURAGE failed to observe the lights of the MARINA WAVE and to navigate with respect to them;

   e. The ATB COURAGE failed to maintain a proper VHF-FM radio listening watch and also failed to use her radio to attempt to avoid the collision;

f.  The ATB COURAGE failed to properly utilize electronic navigation equipment, including but not limited to radar, ARPA, and AIS in order to attempt to avoid the collision;

g.  The ATB COURAGE and those persons in charge of her navigation failed to exercise the necessary caution required by the circumstances;

h.  The ATB COURAGE was improperly lighted;

i.  The ATB COURAGE was in violation of the International Regulations for Prevention of Collisions at Sea, 1972 ("'72 COLREGS"), and specifically Rule 15 ("the Crossing Rule"), which required her to keep out of the way of the MARINA WAVE and avoid crossing ahead of her, which she failed to do;

j.  The ATB COURAGE failed to maintain a proper course or speed;

k.  The ATB COURAGE failed to take any, or proper steps to avoid the collision or minimize the damages.

## XVII.

The foregoing collision and resulting damages were in no way caused or contributed to by any fault, neglect, want of care, design or unseaworthiness on the part of the MARINA WAVE, her owners, operators, charterers, master or her crew. At all material times, the MARINA WAVE was tight, staunch, seaworthy and in all respects properly manned and equipped.

## XVIII.

Plaintiffs in counterclaim seek jurisdiction over the *in rem* defendant, the ATB COURAGE, pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

XIX.

Plaintiffs in counterclaim reserve the right to amend or supplement their counterclaim when or if further information becomes available.

XX.

All and singular, the premises of this Verified Counterclaim are true and correct and within the jurisdiction of the United States and this Honorable Court.

WHEREFORE, plaintiffs in counterclaim pray that:

1. Process in due form of law according to the practices of this Honorable Court in cases of admiralty and maritime jurisdiction issue against the ATB COURAGE, *in rem*, and that she be arrested pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims;

2. That summonses issue to the defendants in counterclaim, Vessel Management Services, Inc., Intrepid Ship Management, Inc., and Crowley Maritime Corp., *in personam*, citing them to appear and answer the matters aforesaid;

3. That plaintiffs in counterclaim have a maritime lien against the ATB COURAGE and ask that such lien be recognized and enforced with preference and priority over all persons; that after due proceedings had, there be judgment for plaintiffs in counterclaim against the ATB COURAGE, *in rem* and Vessel Management Services, Inc., Intrepid Ship Management, Inc., and Crowley Maritime Corp., *in personam*, in the amount of $4,000,000 or such other amount as may be proved herein, together with interest, costs and attorney's fees;

4. That the ATB COURAGE be sold in order to satisfy said judgment; and

5. That the Court grant all such other legal and equitable relief, as justice may require.

Respectfully submitted,

/s/ Daniel A. Tadros
Daniel A. Tadros, T.A., #21906
Robert B. Fisher, Jr. #5587
Thomas D. Forbes, #5682
Joseph B. Marino, III, #29966
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
**Attorneys for Arktis Carrier Shipping Co. Ltd.
and Teo Shipping Corp.,** *in personam*, **and M/V
MARINA WAVE,** *in rem*

**PLEASE WITHHOLD *IN REM* SERVICE UNTIL FURTHER NOTICE.**

**Certificate of Service**

I do hereby certify that I have on this 9th day of December, 2010 served a copy of the foregoing pleading on counsel for all parties to this proceeding, by ECF filing and/or hand delivery and/or by mailing the same by United States mail, properly addressed, and first class postage prepaid.

/s/ Daniel A. Tadros
